MINOR (GONZALES v.). See Case No. 5,530.

MINOR (MECHANICS' BANK OF ALEXANDRIA v.). See Case No. 9,385.

MINOR (REED v.). See Case No. 11,647.

MINOR (SLADE v.). See Case No. 12,937.

---

## Case No. 9,644.

### MINORS et al. v. The MARY.

[Bee, 119.] [1]

District Court, D. South Carolina. Oct., 1798.

SEAMEN — WAGES—NOT EARNING FREIGHT — MASTER'S CERTIFICATE.

Wages decreed upon the captain's certificate that they were due, though the vessel was in port, not earning freight. Such certificate the best evidence, no articles being produced.

This is a suit for seamen's wages, and a certificate of the captain is produced, in which he acknowledges the amount due. It is objected, that these seamen [Marcus Minors and others] had assisted the captain to carry the vessel out of her course. That these wages accrued in port, when the vessel was earning no freight, and was in the custody of the marshal. That all wages due up to the time of the vessel's arrival had been paid.

BY THE COURT. The only question is whether the owners of the vessel are answerable for the act of the captain in this instance. I think they are. Captain Dillingham was master of the vessel at her arrival here, on the 27th February last. On the 10th April the marshal took charge of the vessel, by order from this court. On the 1st of

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. Thomas Bee, District Judge.]

June following she was discharged from his custody. The actors in this cause continued on board the whole time, considering themselves bound to do so. They demand wages from 1st March to 1st June; and the captain certifies their right to them. They can produce no higher evidence, for they cannot compel the production of the articles; nor have the other parties brought them forward. Let the marshal sell this ship, or so much as may be necessary, and let these wages be paid, with costs of suit.